IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**JOSEPH PIOTROWSKI,**
              **Petitioner,**

        v.                          CASE NO. 07-3023-SAC

**STATE OF FLORIDA,**
              **Respondent.**

**O R D E R**

This petition for writ of habeas corpus, 28 U.S.C. §§ 2241, 2254, was filed by an inmate of the United States Disciplinary Barracks, Fort Leavenworth, Kansas (USDB). The filing fee has been paid. Petitioner seeks to challenge a detainer issued by the State of Florida, and apparently lodged against him at the USDB, based upon 3 counts of "DUI Manslaughter" and 1 count of Vehicular Homicide.

Petitioner alleges in his Petition that he has not complied with the provisions of the Interstate Agreement on Detainers Act, and that he has not filed a request for final disposition of the state charges under the IAD. He further alleges he filed a motion for post-conviction relief in the Florida state court in April, 2006, which is still pending. Petitioner generally claims the Florida detainer is invalid because he was not notified of his legal rights pertaining to any detainer from the State of Florida. Specifically, he claims he was not notified of his right to contest the transfer to Florida to the Director of the BOP or given time to seek legal assistance; the indictment was not valid because it was served at the USP instead of the USDB; he was not tried within the mandated 180 days from notification of the detainer or the mandated 120 days from the time Florida took custody; and the warrant used to

transfer custody from the USDB to the State of Florida was invalid because it did not contain "the date the warrant was officially signed." This court is asked to grant petitioner immediate release, and to dismiss the "indictment, information, complaint" against him with prejudice.

While this court technically has jurisdiction over petitioner's habeas corpus claims during his incarceration in this district, it is not the proper venue for him to litigate challenges to a detainer issued by the State of Florida. See Braden v. 30th Judicial Circuit Court of Kentucky, 410 U.S. 484, 489-93 (1973). The state charges or conviction on which the detainer is based obviously arose in the State of Florida, and Florida state law or procedure may be at issue. The officials who issued the detainer are Florida state employees. It follows that this matter should be determined by a federal court with authority in the State of Florida. Accordingly, this court finds this matter should be transferred to a federal district court in Florida for determination.

In addition, a habeas petitioner is generally required to exhaust state court remedies before proceeding in federal court whether his action is brought under the statute governing habeas relief sought on behalf of person in state custody, 28 U.S.C. 2254, or the statute providing for habeas relief when prisoner is in custody in violation of federal laws or constitution, 28 U.S.C. 2241. Montez v. McKinna, 208 F.3d 862, 866 (10th Cir. 2000), *citing* Coleman v. Thompson, 501 U.S. 722, 731 (1991); see also, 28 U.S.C. 2254(b)(1)(An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court is not to be granted unless it appears that the applicant has exhausted

state court remedies; or that such remedies are unavailable or ineffective under the circumstances.).  In the instant case, petitioner does not allege that he has exhausted state court remedies, or that there are no meaningful and effective state processes available to him in the State of Florida.  A federal court in Florida is in the best position to determine whether or not the state court remedies available there have been exhausted.

Petitioner shall be given twenty (20) days in which to show cause why this action should not be transferred to the United States District Court for the Middle District of Florida for all further proceedings[1].

**IT IS THEREFORE ORDERED** that petitioner is given twenty (20) days in which to show cause why this action should not be transferred to the United States District Court for the Middle District of Florida.

**IT IS SO ORDERED.**

Dated this 23rd day of February, 2007, at Topeka, Kansas.

s/Sam A. Crow
U. S. Senior District Judge

---

[1] If petitioner concedes he has not exhausted available Florida state court remedies, he may instead move to voluntarily dismiss this action filed in the wrong venue, without prejudice.  He may then file a new federal habeas corpus petition in the appropriate federal court in Florida after he has exhausted.  However, he is forewarned that under 28 U.S.C. 2244, he has one year from the date his state convictions become "final" in which to file a federal habeas corpus petition.  That statute of limitations is tolled while a state court action challenging his convictions is properly pending.